LEE HICKOX *et al.*
*v.*
THE CITY OF SPRINGFIELD.

*Opinion filed February 17, 1904.*

1. APPEALS AND ERRORS—*when judgment will be affirmed for want of complete abstract.* A judgment will be affirmed for want of a sufficient abstract of record where a consideration of the case requires a review of the evidence, which appellant has made no attempt to abstract, merely referring to the record for the same.

2. SAME—*when appellee is not required to file additional abstract.* The filing by the appellant of an abstract of record which makes no attempt to abstract the evidence does not require the appellee to file an additional abstract supplying the evidence.

APPEAL from the County Court of Sangamon county; the Hon. GEORGE W. MURRAY, Judge, presiding.

R. L. McGUIRE, and T. J. CONDON, for appellants.

ARTHUR M. FITZGERALD, and ALBERT SALZENSTEIN, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

On October 31, 1902, a petition of property owners was presented to the board of local improvements of Springfield, Illinois, praying that the brick pavement on Fourth street, in said city, from Madison street to Jackson street, be covered with asphalt. The estimate of the cost of the said improvement as made by the city engineer was $12,350.50, and the board of local improvements passed a resolution to grant the prayer of the petition. November 14, 1902, was set as the day for hearing objections, and at that time a petition was presented by certain persons who had signed the original petition, asking to withdraw their names. The hearing upon this request was adjourned until November 17, 1902, when the request of the petitioners was refused. January 12, 1903, the ordinance was submitted to the city council and passed. The county court appointed a commissioner to make the assessment, and his roll assessed the benefits to the property owners at $8712.50 and to the public at $4188.92. Objections were filed in the county court to this assessment. The objectors waived a jury as to benefits and the court confirmed the assessment roll as made by the commissioner. From that order an appeal has been taken to this court by property holders.

Two questions are presented for our decision: First, had the persons who signed the original petition the right to withdraw their names from it before it was finally acted upon by the board of local improvements; and second, were the persons who signed the original petition in fact the legal owners of the property for

which they signed, and if they were not, was the petition signed by persons owning one-half of the frontage on the proposed improvement. These questions can only be determined by a consideration and review of the testimony produced upon the hearing. Witnesses there testified as to the total frontage and the amount signed for, and also as to the request of certain petitioners at a particular time for leave to withdraw their names. The abstract filed in this court shows none of that testimony. No attempt whatever is made to abstract the evidence of the witnesses or the contents of certain documents offered in evidence at the hearing. Rule 14 of this court. requires the party appealing to furnish such an abstract of the record as will fully present every error and exception relied on, and sufficient for the examination and determination of the case without any examination of the written record. Where a manifest attempt has been made to comply with this rule and the abstract is merely defective, it will be accepted by the court as sufficiently presenting the matters in issue, but if the opposing party is not satisfied with such abstract he may file an additional one and have the cost of the same taxed to the party filing the principal abstract, if the court shall finally determine that the additional abstract was necessary. This right of the opposing counsel, however, has never been construed to justify the filing of an abstract which does not pretend to comply with rule 14, and thereby compel the other party to do what the appellant or plaintiff in error should have done. As we said in *Gibler* v. *City of Mattoon*, 167 Ill. 18, "it is not our duty to perform this work of counsel, which, in detail, as to them is inconsiderable, but when imposed upon us is, in the aggregate, extremely burdensome."

The judgment of the court below must be affirmed for want of a complete abstract. *Staude* v. *Schumacher*, 187 Ill. 187.                              *Judgment affirmed.*