RAYMOND S. BENHAM

*v.*

MATILDA C. BENHAM.

*Opinion filed February 17, 1904.*

1. PRACTICE—*correct practice where abstract of record is incomplete.*
If the abstract of record filed in the Appellate Court in a divorce
case by the husband is incomplete, the appellee should be allowed
to file an additional abstract at cost of appellant, and if appellee
is financially unable to do so, appellant should be ruled to furnish
a complete abstract or supply appellee with funds required.

2. DIVORCE—*alimony and solicitor's fees rest in sound discretion of the
court.* The allowance of alimony and solicitor's fees in a divorce
case rests in the discretion of the court, in view of the evidence,
the relation of the parties and their condition in life, and the Su-
preme Court will not interfere unless such discretion is abused.

APPEAL from the Appellate Court for the First Dis-
trict;—heard in that court on appeal from the Circuit
Court of Cook county; the Hon. GEORGE W. BROWN,
Judge, presiding.

JOSEPH W. LATIMER, and MILFORD J. THOMPSON, for
appellant.

FRANK F. DOUGLASS, (A. B. JENKS, of counsel,) for
appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellee filed her bill for divorce against appellant,
charging cruelty. Appellant, in his cross-bill, charged
appellee with adultery. Answers were filed to the bill
and cross-bill denying the material allegations contained
therein. Upon a hearing in open court before the chan-
cellor, a jury having been waived, a decree of divorce
was granted to appellee and the cross-bill of appellant
was dismissed. The decree gave appellee the care and
custody of their minor child, together with $75 per month
as alimony and $1000 as solicitor's fees. This decree was

affirmed by the Appellate Court for the First District, and the case is now brought to this court.

There are several errors assigned by appellant, but they all resolve themselves into the one question whether or not the decree is sustained by the evidence. The record is very voluminous, containing about two thousand pages of typewritten matter, and the abstract contains three hundred and sixty-six pages.

It is claimed by appellee that the abstract as filed in the Appellate Court is incomplete and unfair, omitting much material evidence offered by appellee. The Appellate Court, in passing upon that question, after an examination of a number of instances cited by appellee in which she claimed the abstract to be so imperfect, and, as it stated, comparing the abstract with the record, held that appellee's position was justifiable, and that court seems to have affirmed the decree below upon that ground. The same abstract has been filed in this court and the same objection is here renewed. The proper practice in the Appellate Court would have been to allow appellee to file an additional abstract, the cost to be charged to the appellant, and if she was financially unable to do so, as claimed by her, then appellant should have been ruled to furnish a complete abstract or pay to appellee sufficient money with which she could file the same. Treating the case, however, as submitted in this court on the abstract filed, we have examined it and some parts of the record, and reached the conclusion that the decree of the circuit court should be affirmed. The evidence is in hopeless conflict and cannot be reconciled, and no good purpose would be served by our attempting to analyze or discuss it.

There is no end of crimination and re-crimination by the parties as to the conduct of each other, and the details of some of the testimony is most disgusting. Neither party would be benefited or vindicated by a reiteration of it here, and we content ourselves with the simple

statement that in our view the chancellor was justified in his finding and decree in favor of the appellee. The testimony was heard by him in open court, and he could better judge of the weight and credit to be given to the several witnesses than we can.

Objection is further made on behalf of appellant to the amount of alimony and solicitor's fees allowed appellee. These matters were within the sound legal discretion of the chancellor, and considering all the evidence, the relation of the parties and their condition in life, we see no good reason for holding that the discretion has been abused.

The judgment of the Appellate Court will accordingly be affirmed.                    *Judgment affirmed.*