(No. 13785.—Reversed and remanded.)
JOSEPH McCARTHY, Defendant in Error, *vs.* ELEANOR
H. B. MEYER, Plaintiff in Error.

*Opinion filed June 22, 1921—Rehearing denied October 7, 1921.*

1. APPEALS AND ERRORS—*when Appellate Court's action is subject to review.* The action of the Appellate Court in affirming a judgment after considering the merits is subject to review even though it is stated in the Appellate Court's opinion that the judgment should be affirmed because of a faulty abstract of record.

2. EVIDENCE—*what statement as to existence of a contract is hearsay.* In determining the admissibility of secondary evidence to prove the contents of a written contract, a witness who testifies that he went to the office of the party with whom the contract had been left should not be allowed to testify that said party told him the contract had been sent to his attorneys, as such a statement is made without the sanction of an oath or the opportunity for cross-examination and constitutes hearsay.

3. SAME—*when secondary evidence of written contract is admissible—burden of proof.* Secondary evidence of the contents of a written instrument is admissible only where the instrument is shown to the satisfaction of the court to have been lost or destroyed or where its production is for some other reason excused, and as the burden is on the party suing on a written contract to establish its terms by the evidence, he must account for the failure to produce the writing before he can introduce any other evidence of the terms than the writing itself.

4. SAME—*the party seeking introduction of secondary evidence must prove thorough search for lost instrument.* Where a written instrument on which an action is brought is shown to have been in the possession of any person, in order to admit secondary evidence of its contents the person in whose possession it was last shown to have been must be produced as a witness unless that is impossible, and in such case search among his papers must be proved if that can be done, and, in any event, search must be made for the paper with the utmost good faith and as thoroughly and vigilantly as if all benefit of the paper would be lost unless found.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding.

STEDMAN, SOELKE & JOHNSON, for plaintiff in error.

WILLIAM A. MORROW, (WALTER M. FOWLER, of counsel,) for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

Joseph McCarthy recovered a judgment for $1893 in the municipal court of Chicago against Eleanor H. B. Meyer, which the Appellate Court affirmed, and by writ of *certiorari* the record has been brought here for review.

In its opinion the Appellate Court stated that the judgment should be affirmed because of the faulty abstract, but that, while not obliged to do so, the court had examined the record, and it therefore affirmed the judgment upon the merits also. The cause of action was for work and material furnished in performing a contract for the improvement of a building in Chicago and the defense was a failure of the defendant in error to perform. The errors assigned were, in substance, admitting incompetent evidence and finding against the evidence. The bill of exceptions sets forth the action of the court in these particulars and its judgment. There is no question as to the nature of the cause of action or ground of defense, as to any variance or the nature of the issue. The abstract sufficiently presents the errors relied on, and the Appellate Court having affirmed the judgment on the merits, its action in doing so is subject to review.

It is claimed that the abstract omits much of the testimony, including 28 pages bearing on the question of the admission of secondary evidence and also the defendant's affidavit and amended affidavits of merits, which counsel for the defendant in error regard as material for the consideration of the errors assigned. Because counsel may differ as to the materiality of the testimony of witnesses or as to the effect of evidence, and may disagree as to what is material to the question which it is desired to present or necessary to be included in the abstract in order to pre-

sent that question, the rule has provided for the filing of a further abstract by the opposite party making necessary corrections or additions where the abstract filed is deemed insufficient. Where a manifest attempt has been made to comply with the rule of the court and the abstract is merely defective it will be accepted by the court as sufficiently presenting the matters in issue. If the opposing party is not satisfied with the abstract he may file an additional one and have the cost of the same taxed to the party filing the principal abstract, if the court shall finally determine that the additional abstract was necessary. (*Hickox* v. *City of Springfield*, 208 Ill. 28.) So in a divorce case, where the abstract of the record filed by the husband, who was the appellant, was incomplete, it was held to be the proper practice to allow the appellee to file an additional abstract, the cost to be charged to the appellant, and if she was financially unable to do so, then to rule the appellant to furnish a complete abstract or to pay the appellee sufficient money with which she could file one. *Benham* v. *Benham*, 208 Ill. 98.

The contract between the parties was in writing. The defendant in error was permitted to introduce secondary evidence of the contract over the plaintiff in error's objection that no sufficient excuse for not producing the writing was shown. The contract was executed on March 4, 1916. The defendant in error testified that it was signed by both parties and left in the custody of Miltenberg, who was the agent of the owner of the building in which the contract was to be performed, in whose office it was executed, and that Miltenberg agreed to cause a copy of it to be prepared and delivered to each party but that the defendant in error had never received a copy of it. His son testified, over the objection of the plaintiff in error, that he went to Miltenberg by his father's direction and asked for the contract, but Miltenberg told him that it was in the hands of his lawyers, Stein, Mayer & Stein, to whose offices the son went

and was told by Mayer that Miltenberg had the contract.
The defendant in error called the plaintiff in error as a wit-
ness, and she testified that the contract was signed in Mil-
tenberg's office on March 4, 1916; that three copies were
made, one of which was delivered to the defendant in er-
ror, one to herself and the third was kept by Miltenberg;
that she misplaced her copy and wrote to Miltenberg for
his copy and he sent it to her. She afterwards found her
copy and compared it with 'Miltenberg's copy, which was
the same. Afterwards she misplaced one of the copies but
she produced on the trial the other, which she said she be-
lieved was not the contract which Miltenberg sent her but
was her own copy which was the same; that she might
have destroyed the copy which Miltenberg sent, and if she
did not destroy it, it was at home and she would bring it
if she found it. Only the one copy, however, was produced.
The defendant in error claims that this testimony justified
the inference that the copy of the contract left with Mil-
tenberg had been lost or destroyed and the introduction of
secondary evidence to prove its contents. The statement of
Miltenberg that the contract was in the hands of his law-
yers was improperly admitted. It was hearsay, given with-
out the sanction of an oath or the opportunity for cross-
examination. The only competent evidence, therefore, that
the paper ever went out of Miltenberg's possession is the
testimony of the plaintiff in error. The burden is on the
defendant in error, who sued upon the contract, to establish
its terms by the evidence, and before he can introduce any
other evidence of the terms than the writing itself he must
account for the failure to produce the writing. Secondary
evidence of the contents of an instrument is admissible only
where the instrument is shown to have been lost or destroyed
or its production is for some other reason excused. Where
an instrument is shown to have been in the possession of
any person, in order to admit secondary evidence of its con-
tents the person in whose possession it was last shown to

have been must be produced unless that is shown to be impossible. In such case search among his papers must be proved if that can be done, and, in any event, search must be made for the paper with the utmost good faith and be as thorough and vigilant as if all benefit of the paper would be lost unless it were found. (*Prussing* v. *Jackson,* 208 Ill. 85; *Williams* v. *Case,* 79 id. 356.) The evidence must satisfy the court that the paper is destroyed or cannot be found. *Mullanphy Savings Bank* v. *Schott,* 135 Ill. 655; *Mariner* v. *Saunders,* 5 Gilm. 113.

The parties agree that Miltenberg had the contract. The plaintiff in error on the witness stand produced the document signed by the defendant in error and herself, dated March 4, 1916, which she said was either the copy which Miltenberg retained or the copy which was delivered to her at the time. If it was either, it was the best evidence of the contract. The position of the defendant in error is that Miltenberg sent to the plaintiff in error the copy of the contract which he retained but that the paper which she produced is not that copy; that it is not necessary to call Miltenberg as a witness because it is shown that the contract is not in his possession; that the plaintiff in error has failed to produce the copy of the contract which he sent to her, and therefore the defendant in error, being unable to produce the contract, was entitled to introduce secondary evidence of its contents. The defendant in error proved by the plaintiff in error that she received from Miltenberg a written instrument which she testified was the contract. The right of the defendant in error to introduce secondary evidence rests upon the testimony of the plaintiff in error that she received the contract from Miltenberg, and she produced what she received, or a copy of it. If what she received was not the contract, then, so far as the evidence shows, Miltenberg still has it, and he must be called upon to produce it or to show its loss or destruction before secondary evidence of its contents is admissible.

The defendant in error insists that the testimony of the plaintiff in error is discredited by her affidavits of merits, which are said to be inconsistent with her testimony. If her testimony is discredited it does not help the case of the defendant in error as to the admission of secondary evidence. He is relying upon the testimony of the plaintiff in error, who states that she received a certain writing from Miltenberg. However slight may be her credibility as a witness, the defendant in error offered her testimony to show that she had received the contract from Miltenberg, and her positive testimony that she received a certain writing from him cannot be held to prove that she did not receive that writing but did receive another and different writing. The court erred in the admission of secondary evidence of the contract.

The judgments of the Appellate Court and the municipal court will be reversed and the cause will be remanded to the municipal court.   *Reversed and remanded.*