Rhea V. Moore for Use of St. Louis Joint Stock Land Bank, Appellee, v. National Fire Insurance Company of Hartford, Appellant.

Gen. No. 8,807.

Opinion filed April 11, 1934. Rehearing denied June 7, 1934.

1

HARRY B. HERSHEY, CHARLES E. BLISS and A. L. YANTIS, for appellant.

GUY L. SMITH and THEODORE F. GRAUPNER, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

Rhea V. Moore, who sues for the use of the St. Louis Joint Stock Land Bank, commenced this action in the circuit court of Shelby county to recover from appellant, the National Fire Insurance Company of Hartford, a loss claimed to have been sustained by her by the burning of her home which was insured against loss by fire by appellant and on a trial of said cause recovered a judgment in the sum of $1,500, from which judgment appellant has appealed to this court.

She filed a declaration in which she set out in full the policy of insurance and alleged the payment of the premium and the issuance of said policy to one A. B. Boatz, in which appellant insured said A. B. Boatz against loss by fire in the sum of $1,500 on a one-story shingle roof frame building located on certain premises described in said declaration, and alleging that, after the issuance of said policy, she purchased from said Boatz the real estate covered by the policy of insurance and that the same was conveyed to her by warranty deed and that he assigned to her said policy of insurance which was made with the written consent of the defendant, but which written assignment and consent had been lost or misplaced.

One of the provisions contained in said policy of insurance was as follows: "Loss Claims. IN CASE OF Loss the insured shall, within fifteen days, give this Company written notice thereof, and shall, within sixty days from the date of the loss, render to the Company a particular account of such loss, signed and sworn to by the insured, and by the insured only (except in case

of death, and then by the legal representatives), stating the date and circumstances of the same, the exact nature of the title and interest of the insured, and of all others in the property, by whom and for what purpose any building herein described was occupied at the time of the loss, all encumbrances on the property, and all other insurance, whether valid or not, covering any portion of said property; and shall furnish this Company an itemized statement of personal property, and plans and specifications, and an itemized estimate of the buildings, by some reliable and competent builder. All claims for any loss or damage shall be forfeited by failure to furnish proofs of such loss or damage within the time and in the manner above specified.''

Plaintiff further alleged in her declaration that immediately after said fire had occurred, and within 15 days of the date thereof, she gave written notice thereof to the defendant by and through its agents and servants in that behalf; and that she, the plaintiff, did thereafter and within 60 days after said fire, to wit: on or about the 22nd day of August, A. D. 1931, render to the defendant a particular account of such loss signed and sworn to by her, the plaintiff, stating the date and circumstances of said fire, the exact nature and title of the interest of the plaintiff in said property and of all others in the property, by whom and for what purpose the building in said policy described was occupied at the time of the loss, all incumbrances on the property and all other insurance covering any portion of said property, which said proof of loss aforesaid was delivered to it, the defendant, by and through its agents and servants in that behalf; and the plaintiff avers that the proofs of loss, so made by her as aforesaid, have since that time been kept and retained by said defendant.

To this declaration the defendant filed its fourth amended special plea in which, after setting forth said

provisions of the policy with reference to proof of loss, it alleges that plaintiff did not after said alleged fire had occurred, within 60 days from the date of said alleged loss, render to this defendant a particular account of such loss signed and sworn to by the said plaintiff stating by whom and for what purpose the said buildings were occupied at the time of the loss, stating all incumbrances on the property and other insurance covering any portion of said property; wherefore and whereby, by the terms of said contract of insurance, the said claim of the plaintiff for any loss or damage sued for herein was forfeited by failure to furnish the proof of such loss or damage within the time and manner above provided.

To this fourth special plea of the defendant the plaintiff filed two replications, in the first of which was averred that within 60 days after said fire, to wit: within 20 days thereafter, the defendant sent its certain agent, to wit: its adjuster, to investigate the said fire, and to settle and adjust the loss sustained by her, and that she then and there gave to the adjuster all such information, as was then and there requested of her by said adjuster, relating to the loss, the date and circumstances of the same, and the nature and title of the interest of the plaintiff in said property, and by whom and for what purpose the building destroyed was occupied at the time of such loss, and all of the incumbrances and other insurance covering any portion of said property, and that the same was reduced to writing by the said adjuster, and the plaintiff further avers that afterwards, within the said period of 60 days after the date of said fire, she inquired of H. D. Halbert, the then and there agent of the defendant, who had taken the application of the said A. B. Boatz, the plaintiff's assignor, for the contract of insurance, and who had signed and delivered the said contract of insurance to plaintiff's assignor, and who had collected and received for and on behalf of it, the

defendant, the consideration paid for the said contract of insurance, if she, the plaintiff, would be required to make out and file any proof of loss pursuant to the terms of said contract of insurance, and said H. D. Halbert, the agent of defendant, then and there said to her, the plaintiff, that it would not be necessary for her to make out and file any proof of loss, wherefore, the plaintiff avers that the defendant then and there waived the terms and conditions of the said contract of insurance, in the said plea alleged.

The second replication is substantially like the first, except that it alleges that the adjuster, who was the agent of the insurance company, who then and there had full power and authority to settle and adjust said claim, and to make and accept proof of loss sustained by her, the plaintiff, informed the plaintiff that she would not have to make any further proof of loss, and that he would be back to see her in about a week, and that, by the representations of the defendant by its agents, she was led to believe that no further proof of loss would be required of her, and that the adjuster did not return to make any further proof of loss, or have the plaintiff swear to the said statement which he had taken down in writing, and plaintiff avers that the defendant then and there waived the terms and conditions of said contract of insurance, in said plea alleged.

Motions were made to strike the replications of the plaintiff to the fourth special plea of the defendant from the files, and such motions were by the court overruled. The defendant thereupon filed demurrers to said replications, which were overruled and the defendant thereupon elected to stand upon its demurrers and a jury was called and a trial had upon the issues raised by other special pleas filed by defendant.

The first error urged by appellant was the refusal of the court to strike the first and second replications of the plaintiff to the fourth special plea of the defend-

ant and in overruling the demurrers filed to said replications, on the ground that the declaration alleged a full performance of the conditions of the policy of insurance requiring the furnishing of proof of loss, and the replications to said special plea allege waiver and estoppel on the part of appellant to demand said proofs of loss and that this is a departure and therefore bad.

A departure takes place where, in any pleading, the party quits or departs from the case or defense which he first made, and has recourse to another; or in other words, when the replication or rejoinder contains matter not pursuant to the declaration or plea which does not support and fortify it. Tidd's Practice, p. 688.

The rule against departure is evidently necessary to prevent the retardation of the issue. For, while the parties are respectively confined to the grounds they have first taken in their declaration and plea, the process of pleading will exhaust, after a few alternations of statement, the whole facts involved in the case, and thereby develop the question in dispute. Andrews Stephen's Pleading, sec. 246.

"Though an excuse for not performing a condition is for some purposes equivalent to performance, yet it is not the same thing, and, therefore in pleading, performance must never be averred by a party who relies upon an excuse for not performing, but he must state his excuse." *Hart v. Carsley Mfg. Co.,* 221 Ill. 444; *Feder v. Midland Casualty Co.,* 316 Ill. 552.

In the case of *Feder v. Midland Casualty Co., supra,* it is said: "The appellant contends that there was a waiver of the requirements of proof of loss. . . . The appellant by the pleadings has not claimed the benefit of this waiver. The declaration has alleged a performance of the conditions and not a waiver of them; that she furnished the proofs,—not that she was excused from furnishing them. . . . "The rule announced

in *German Fire Ins. Co. v. Grunert,* 112 Ill. 68, and *Evans v. Howell,* 211 Ill. 85, that the waiver by the defendant of the performance of conditions precedent to his liability need not be alleged but may be proved under an issue alleging performance is contrary to the weight of authority as well as the principles of sound pleading and has not been followed in the later cases which have been cited.''

It appears from the foregoing that the case set forth in the replications of waiver and estoppel is a clear departure from that of performance alleged in the declaration and that if waiver is relied upon as an excuse for nonperformance it must be pleaded and that plaintiff, if she alleges performance in her declaration, cannot offer evidence of waiver of the requirements of proof of loss.

Appellee relies upon the case of *Trichelle v. Sherman & Ellis, Inc.,* 259 Ill. App. 346, as establishing the rule that it is not a departure in the pleading to set up a reply of waiver by replication to a plea of nonperformance when performance has been alleged in the declaration.

While it is true, as stated in that case, that waiver may be pleaded either in the declaration or by replication to special pleas, yet, this is not true when the pleader in his declaration alleges performance. He must state the facts constituting the cause of action upon which he relies to recover, so as to enable the defendant to prepare his defense and meet the facts alleged with appropriate evidence, and, if he alleges performance in his declaration, he cannot afterwards by replication set up a reply of waiver to a plea of nonperformance. This may not be the rule in all jurisdictions, but wherever pleadings are formulated according to the rules of the common law this must necessarily be true.

The proper method of taking advantage of a departure is by demurrer; for if the defendant, instead

of demurring, take issue upon a replication containing a departure, and it be found against him, the court will not arrest judgment. Tidd's Practice, sec. 688.

The court should have sustained the special demurrers of defendant to the replications of the plaintiff to the fourth amended special plea of defendant.

Another provision made an assignment of the policy without written consent indorsed on the same null and void. The defendant by its first and second special pleas denied that the policy was assigned by said A. B. Boatz, the original assured, to plaintiff, or that the defendant consented to such assignment. The plaintiff replied that the original assured did assign said policy to her and that the defendant did by writing attached to said policy consent and agree to such assignment.

H. D. Halbert, who at the time of the alleged assignment of the policy was the agent of defendant, testified that Boatz executed said assignment in triplicate and that he mailed one copy to the defendant, one to the Stock Land Bank, and one to Rhea Moore, and that he signed said forms of assignment.

Manford Moore, the husband of plaintiff, testified that he saw the assignment of interest attached to the policy in the office of his attorney, Mr. Preihs, and saw them at the Land Bank office in St. Louis when he was down there, but never got the assignment blanks in his possession.

The witness, Graupner, testified he lived in St. Louis, and is attorney for the St. Louis Joint Stock Land Bank and in charge of the insurance department. We had the original policy of insurance in our office, the executed assignments were filed with and attached to original policy. Later we sent the policy and assignments to Carl Preihs' office in Pana, and later the policy was returned by Mr. Preihs but the assignment of interest blanks, which had been executed and at-

tached, were not with the policy when it was returned; that he did not know where they were, that there were two of them and that he would recognize a copy of assignments; that plaintiff's Exhibit "B" is the form used by the agent of the company in making out the assignments; the blanks were filled in and one of the assignments attached to the policy; the assignment was filled out as follows: "The interest of A. B. Boatz, as owner of the property covered by this policy, is hereby assigned to Mrs. Rhea V. Moore, subject to the consent of the National Fire Insurance Company of Hartford." It was dated and signed. The lower portion,—"Consent by Company to assignment of interest,"—was filled out as follows: "The National Fire Insurance Company of Hartford hereby consents that the interest of A. B. Boatz as owner of the property covered by this policy be assigned to Mrs. Rhea V. Moore. Attached to and forming a part of Policy No. —— of the National Fire Insurance Company of Hartford, issued at its Pana, Illinois, Agency. Dated and assigned by H. D. Halbert, agent."

This form of assignment and the consent of the agent of the defendant thereto, the policy of insurance and a letter written by witness, Graupner, were all admitted in evidence over the objections of the defendant. There is no evidence in the record showing particularly that the written assignment of the policy by Boatz or the written consent of the defendant to such assignment were not in the possession of the St. Louis Joint Stock Land Bank. The attorney, Preihs, who was the last person shown by the evidence to have had possession of the assignment and consent of defendant thereto, was not called as a witness and no proof was introduced showing that they were not in his possession or as to what became of them.

The pleas of the defendant, and the replies of the plaintiff thereto, made a direct issue as to whether

there was any assignment of the policy by Boatz and as to whether the defendant consented thereto.

In order to permit the introduction of secondary evidence of the contents of an instrument the burden is upon the party, seeking to introduce such evidence, to show that the instrument is lost or destroyed or that its production for some other reason is excused. Where an instrument is shown to have been in the possession of any person, in order to admit secondary evidence of its contents, the person in whose possession it was last shown to have been, must be produced, unless that is shown to be impossible. In such case search among his papers must be proved, if that can be done, and, in any event, search must be made for the paper with the utmost good faith and be as thorough and vigilant as if all benefit of the paper would be lost unless it were found. *McCarthy v. Meyer,* 298 Ill. 620.

The court erred in admitting secondary evidence of the contents of the assignment of the policy and of the consent of the defendant thereto. There was no competent proof of any assignment of the policy by Boatz to the plaintiff, nor of any written consent of the defendant thereto.

For the errors indicated the judgment of the circuit court is reversed and the cause remanded.

*Reversed and remanded.*