(No. 35966.

NELLIE BURNS, Appellee, *vs.* ANDREA SCHMIDT, Exrx., *et al.,* Appellants.

*Opinion filed March 29, 1961.—Rehearing denied May 17, 1961.*

BRADEN, HALL, BARNES & MOSS, of Chicago, (GEORGE S. BARNES, of counsel,) for appellants.

IRVING GOODMAN, EDWARD LEWISON, and HERMAN L. EPSTEIN, all of Chicago, for appellee.

Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of the court:

This is an action to set aside a document dated October 8, 1957, which had been admitted to probate as the last will and testament of Olivia Kitts, who died on March 26, 1958. The plaintiff is Nellie Burns, her niece and her sole heir, who was bequeathed $300. The defendants are Andrea Schmidt, the executrix and Emma Wallace, the residuary legatee. The complaint contained two counts, one charging mental incapacity and the other undue influence, but no evidence was offered to support the allegations concerning undue influence. The jury found that the contested document was not the testator's will and the superior court of Cook County entered a decree on the verdict. A parcel of property improved with a residence is included in the decedent's residuary estate and the defendants have appealed directly to this court.

They first contend that the verdict was against the manifest weight of the evidence. For the plaintiff, a doctor who had treated the decedent on numerous occasions between August of 1953 and January of 1958, testified that the decedent was totally blind throughout that time, that she was in her sixties at the time of her death, that she suffered from diabetes, hypertension, syphilis, arteriosclerosis and cerebral vascular accident—which he defined as "a general term in which something happens in the brain by way of the blood vessels"—and that she had "all the

signs of * * * mental deterioration." He testified that he visited the decedent on September 10, 1957. He described her condition and testified that in his opinion she did not have sufficient mental capacity to transact ordinary business at that time, that her condition could not improve but would only deteriorate further.

A lifelong friend of the decedent testified that she had had strokes in 1945, 1955 and in August of 1957. She also testified that in her opinion the decedent did not have sufficient mental capacity to transact ordinary business. Another old friend testified that she had known the decedent for over twenty years, and expressed her opinion that in October of 1957 she did not have sufficient capacity to transact ordinary business. An insurance agent testified that she called each month to collect the premium on a burial policy that the decedent had taken out on the plaintiff. She collected such a premium from the decedent in October of 1957, but testified that in her opinion the testatrix lacked mental capacity to transact ordinary business at that time.

Two witnesses for the plaintiff also testified that during the course of their conversations with Mrs. Kitts, she spoke of hearing voices and music, and of having been visited by her deceased husband and by other deceased persons. It also appeared that the decedent was the founder and treasurer of a religious organization known as the International Association of Christian Band Spiritualist Church which, as one of its primary activities, held seances and attempted to contact the dead.

For the defendants, a doctor testified that he saw Mrs. Kitts seven times between June, 1957, and March 22, 1958. He did not see her between September, 1957, and March, 1958, but it was his opinion that in September, although she was blind, partially paralyzed, and had a bad heart, her mental processes were not impaired by virtue of her physical disabilities, and her mental condition was "perfectly normal" in March. In his opinion, she was capable of transact-

ing the ordinary business affairs of life and of disposing of her property.

Each of the three subscribing witnesses, the attorney who drew up the will, his son, and a friend of the decedent, testified that in their opinion she was of sound mind and memory and could transact her own business affairs. A witness, who for 10 years had been the financial secretary of the religious organization founded by the deceased, testified to business transactions that she conducted in October of 1957 and January of 1958 with respect to the dissolution of the organization and the distribution of its assets.

In view of our ultimate ruling it is not necessary to analyze the evidence with particularity. It is sufficient to say that while the question is a close one, the testimony was sharply conflicting with respect to many details, and we are not prepared to say that the verdict was against the manifest weight of the evidence. Under the circumstances, however, the defendants were entitled to have the issues submitted to the jury without substantial error, and we turn therefore to a consideration of the other points urged by the defendants.

The jury was instructed that "although Olivia Kitts had sufficient capacity to attend to the ordinary business affairs of life," it was nevertheless possible that "with regard to subjects connected with the testamentary disposition and distribution of her property and the natural objects of her bounty she was of unsound mind." In this court the defendants contend that this instruction was erroneous. (See *Speirer* v. *Curtis*, 312 Ill. 152, 159; *Ravenscroft* v. *Stull*, 280 Ill. 406, 410.) No objection was made to this instruction in the trial court, however, and the question sought to be raised is therefore not open for consideration. The defendants also contend that it was error to allow the plaintiff's attorney to question the attorney who drafted the will with respect to the decedent's understanding of the clause

of the will dealing with the powers of the executrix, but here, too, no objection was made upon the trial.

The defendant's contention that the trial court erred in refusing to admit into evidence a copy of a prior will executed by the decedent was properly preserved for review, and we are of the opinion that it must be sustained. Under the prior will, which was executed a year earlier than the one here in question, Nellie Burns was bequeathed $100, Katherine Kennedy $200, Cora Little the "household furniture, personal effects, jewelry and wearing apparel" and $3,000, and Emma Wallace the remainder of the estate. Cora Little, who had lived with the decedent and taken care of her for many years, died in June of 1957. The attorney who drafted both wills testified that the decedent advised him by telephone that Cora Little had died and that she wished to change her will. He took a copy of the earlier will with him to her home, and made notes of the changes she desired upon that copy. It was offered in evidence, but was excluded upon the plaintiff's objection.

Comparison of the two instruments shows that the controverted document is almost a verbatim copy of the earlier will except as it embodies the changes which conform to the notes made by the attorney. The bequest to Cora Little and the $200 bequest to Katherine Kennedy were eliminated. The bequest to the plaintiff was increased from $100 to $300. Under both instruments the residuary estate was left to the defendant, Emma Wallace. In *Nieman* v. *Schnitker,* 181 Ill. 400, 403, we held that "Where a previous will has been made at a time when the soundness of mind of the testator is unquestioned, and the disposition of property as made by such previous will is approximately the same as made by a will sought to be contested on the ground of unsoundness of mind, such previous will so approximately disposing of property when such soundness of mind is unquestioned is the strongest character of evidence to show a condition of soundness of mind at the time the contested will

was made." See also *Kimber* v. *Kimber*, 317 Ill. 561, 573-574; *Wright* v. *Upson*, 303 Ill. 120, 140-141; *Dillman* v. *McDanel*, 222 Ill. 276, 286- 287.

The plaintiff seeks to distinguish the *Nieman case* on the ground that it dealt with an original signed and attested will whereas the excluded exhibit in this case was an unsigned copy. But the testimony established that the decedent had destroyed the old will immediately after signing the new one, and secondary evidence of an instrument is admissible where the original is unavailable and its absence accounted for. (*McCarthy* v. *Meyer*, 298 Ill. 620, 623.) The plaintiff further contends that the decedent was not of sound mind as of the date of execution of the earlier will. That will was executed on October 8, 1956, and although the plaintiff's witnesses testified to declining mental capacity over the years, their testimony centered upon the period after the August, 1957, stroke. It did not establish lack of testamentary capacity in 1956, and it was error to exclude the copy of the earlier will.

Other errors have been alleged by the defendants but they are not likely to recur, and we find it unnecessary to discuss them. The decree of the superior court of Cook County is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*