### GEORGE F. HARDING

*v.*

### THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed February 18, 1903—Rehearing denied April 24, 1903.*

1. TAXES—*what makes a prima facie case of ownership of land taxed.* In an action of debt for general taxes, under section 230 of the Revenue act, certified copies of the collector's warrants, and the tax judgment, sale, redemption and forfeiture record showing that the property was assessed to the defendant for the years in question, make a *prima facie* case of ownership in the defendant.

2. SAME—*when party cannot attack validity of a tax judgment.* One who appears as owner and objects to the validity of a tax upon application for a judgment of sale, but takes no appeal from the judgment rendered, cannot attack the validity of such judgment in a subsequent action of debt, under the statute, for general taxes.

3. APPEALS AND ERRORS—*when point that statute is unconstitutional is waived.* Failure to cite authorities or make an argument in support of an assertion that a statute is unconstitutional is a waiver of the point.

APPEAL from the Circuit Court of Cook county; the Hon. CHARLES G. NEELY, Judge, presiding.

WILLIAM J. AMMEN, for appellant.

ROBERT S. ILES, ROBERT D. MARTIN, and STILLMAN B. JAMIESON, for the People.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an action of debt by the People, against George F. Harding, appellant, begun in the circuit court of Cook county to recover the general taxes for the years 1897, 1898, 1899 and 1900, assessed and levied against lot 11, in block 87, Elston's addition to Chicago. The proceeding is brought under section 230 of chapter 120. (3 Starr & Cur. Stat. p. 3501.) Upon a hearing before the circuit court without a jury, judgment was rendered for the plaintiff for the sum of $2123.05, from which the defendant prosecutes an appeal to this court.

The chief error urged by appellant is that the plaintiff failed to prove that George F. Harding was the owner of the property against which the taxes were assessed. The record shows that the plaintiff offered in evidence a certified copy of the collector's warrants of 1897, 1898, 1899 and 1900, the tax judgment, sale, redemption and forfeiture record for the year 1899, showing the forfeiture of the premises in question for that year and prior years, as entered in the year 1900 for the taxes of 1899. Section 230, *supra*, provides: "In any such suit or trial for forfeited taxes, the fact that real estate or personal property is assessed to a person, firm or corporation, shall be *prima facie* evidence that such person, firm or corporation was the owner thereof, and liable for the taxes for the year or years for which the assessment was made, and such fact may be proved by the introduction in evidence of the proper assessment book or roll, or other competent proof." The foregoing proof, under the provisions of this section, constituted a *prima facie* case, and established to that extent the ownership of the property in question. The defendant, to defeat that *prima facie* case, then offered in evidence a deed purporting to be made by George F. Harding to the Chicago Real Estate Loan and Trust Company, dated June 10, 1896, acknowledged July 1, and recorded July 2, 1896, for an expressed consideration of five dollars, conveying "all interest in the following described real estate, to-wit: Any and all lands, of every kind and description, claimed or owned by me in the State of Illinois, and all lots and lands, of every description, in the city of Chicago in which I have any right, title or interest whatsoever, situated in the State of Illinois," etc. Objection was made to this deed upon the ground that it was too general in its terms, did not apply to any specific property, and therefore was not sufficient notice to the assessor, collector and the general taxing officers of Cook county that the ownership of the land had changed.

Subject to this objection the deed was admitted in evidence.

Conceding that the deed, if it stood alone, would overcome the *prima facie* case made by the plaintiff, the tax records of Cook county for the year 1898, offered in evidence by the People, tended to prove ownership in the defendant. The items in the tax warrant for the year 1897 on this property were charged to him and merged into a judgment. He appeared in the county court and objected to the validity of the tax, but judgment was rendered against him as owner. This was subsequent to the date of the deed. His remedy as to that tax, if levied unjustly against him, was by appeal. (*Biggins* v. *People,* 106 Ill. 270.) As to that tax he clearly could not, in this proceeding, attack the validity of the former judgment. Moreover, after the date of the deed he received the rents accruing from the property and deposited the money so received to his personal account. Notwithstanding the attempted explanation of that transaction, we think the weight of the evidence is that he continued, after the pretended conveyance, to deal with the premises as his own.

In the light of all the evidence in the case it is very clear that the conveyance of June 10, 1896, was merely colorable, and not executed with the honest purpose of conveying the absolute ownership of the property to the grantee.

There is no merit in the contention that the People failed to prove all the material allegations of the declaration, nor is that question properly preserved by the assignment of errors.

It is also said that the foregoing section of the statute, under which the action is brought, is unconstitutional, but no authorities are cited or argument advanced in support of that assertion. The point, if it can be so considered, has therefore been waived.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*