Joseph Schlitz Brewing Co. v. Stanislai Mahozki et al.

1. Verdict—*Upon Conflicting Evidence.*—Where the evidence is conflicting the verdict will not be disturbed.

2. Waiver—*Of Objection to Rulings of Trial Court by Not Arguing Them.*—Where a party objects to rulings of the trial court but gives

no reasons or arguments and cites no authorities to support his objections, they will be considered as waived.

Assumpsit.—Appeal from the Circuit Court of Kankakee County; the Hon. JOHN SMALL, Judge presiding. Heard in this court at the April term, 1903. Affirmed. Opinion filed June 8, 1903.

H. H. DICUS and A. E. SMITH, attorneys for plaintiff.

T. F. DONOVAN and T. W. SHIELDS, attorneys for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

The Joseph Schlitz Brewing Company obtained a judgment by confession in the court below against Joseph and Veronica Makowski and Stanislai Mahozki upon a promissory note for the principal sum of $500. Afterward an order was entered staying execution and giving Mahozki leave to plead to the merits. He filed pleas of non-assumpsit, want of consideration, and that his signature to said note was obtained through fraud and circumvention of John Buffo, an agent of plaintiff. There was a jury trial as between plaintiff and Mahozki, and a verdict and a judgment for the latter, from which plaintiff appeals.

Plaintiff loaned the $500 to Makowski to enable him to pay for a liquor license. Some days after the note was signed by Makowski and his wife, and while it remained in the custody of Buffo, the agent for plaintiff, Makowski brought Mahozki, his landlord, to Buffo. Buffo showed Mahozki the note and asked or told him to sign it. It was in English, and Mahozki did not read or write that language, and had also left his glasses at home. Defendant's proof tended to show that Buffo induced Mahozki to sign the note by the representation that it was a paper showing Makowski was an honest man and paid his rent, so that he could get a license. He had two witnesses to that effect. Buffo and his bar tender gave testimony tending to show Mahozki knew when he signed that it was a note or obligation for $500. Before Mahozki signed he went to a friend named Andrew standing near by and said something to him, but plaintiff objected to proof of

what was said, so that the record does not disclose that it had anything to do with the signing of the note. We do not feel warranted in disturbing the conclusion of the jury upon this conflicting proof. Buffo was agent for plaintiff, and the note was in his hands, and he procured this signature, and we do not doubt his acts and representations were binding upon plaintiff.

Plaintiff in its brief says the ruling of the court upon certain instructions was erroneous, but it gives no reasons or arguments and cites no authorities to support that assertion, and does not discuss the instructions at all. This amounts to a waiver of the point. (Pennsylvania Co. v. Bond, 202 Ill. 95, 100; Harding v. The People, 202 Ill. 122.)

The judgment is therefore affirmed.