J. W. Pinkley, Appellee, v. Allied Oil Corporation of
Illinois, Appellant.

Heard in this court at the
February term, 1945. Opinion filed March 5, 1945. Re-
leased for publication April 5, 1945.

Joseph G. Gorman, of Chicago, for appellant; Will P. Welker, of Vandalia, and Owen Rall, of Chicago, of counsel.

Will M. Albert, of Vandalia, for appellee.

Mr. Justice Stone delivered the opinion of the court.

This is an appeal by Allied Oil Corporation of Illinois, appellant, hereinafter called defendant, from a judgment in the sum of $5,810.98, plus attorney's fee of $500, in a suit brought by J. W. Pinkley, appellee, hereinafter called plaintiff, to recover under the federal Fair Labor Standards Act, amounts due for alleged overtime work performed by plaintiff between February 15, 1940 and April 2, 1943. The case was tried by the court, without a jury on amended complaint and answer and amendment thereto.

The pleadings admitted defendant was engaged in the production of goods for commerce and that plaintiff and defendant were bound by the provisions of the Fair Labor Standard Acts of 1938.

It appears that plaintiff was employed by defendant to work at its refinery at St. Elmo, on the 14th of February 1940, as night watchman. Plaintiff testified that he was employed by C. L. Withers, superintendent of the plant to work 12 hours a day, 7 days a week, at the rate of 55 cents an hour and overtime. Withers testified that at the time of the hiring, the agreement was that plaintiff was to work 8 hours a day from 8 o'clock at night until 4 o'clock in the morning, as he recalls it. It is undisputed that at no time during the period of plaintiff's employment was he paid at the rate or for the number of hours, he testified to. On July 16, 1941, the pay of plaintiff was raised to 20 cents an hour, and in September 1942, the pay was changed to $150 a month.

Plaintiff testified that on February 15, 1940, he commenced to work and worked continuously from

thence to April 2, 1943, including all Sundays and holidays, working each and every day for 12 hours, beginning at 6 in the evening until 6 in the morning. In this, in the main, he was corroborated by many witnesses, some of whom were or had been employed by defendant company.

Plaintiff claimed that every day that he worked for defendant, he filled out a watchman's report, showing that he worked 12 hours a day, which report was handed to the timekeeper. Demand was made upon defendant for the production of these reports and counsel for defendant stated in open court that defendant did not preserve them and did not have them.

It is alleged as error but not argued by defendant that the trial court erred in permitting plaintiff to contradict his own witness, as to the form of the watchman's report. Where a party objects in his brief on appeal to rulings of the trial court but gives no reasons or arguments and cites no authorities to support his objections, they will be considered to be waived. *Joseph Schlitz Brewing Co. v. Mahozki,* 108 Ill. App. 511.

Principal other error assigned is that the trial court erred in finding the issues in favor of plaintiff and in entering judgment against defendant. This suit is brought under the federal Fair Labor Standards Act of 1938 (52 Stat. at L. 1060, c. 676, 29 USCA §§ 201–219) which restricted "normal" hours of labor from October 24, 1938, to October 23, 1939, to 44 hours per week, from October 24, 1939 to October 23, 1940 to 42 hours per week, and from October 24, 1940, forward, to 40 hours per week.

Section 7 of the Act provides that "no employers shall . . . employ any of his employees who is engaged in (interstate) commerce or in the production of goods for (interstate) commerce . . . (3) for a workweek longer than forty hours after . . .

(October 23, 1940) unless such employee receives compensation for his employment in excess of the hours specified at a rate not less than one and one-half times the regular rate at which he is employed."

Section 16 (b) provides that any employer who violates the provisions of section 7 shall be liable to the employees in the amount of their unpaid overtime compensation and in an additional equal amount as liquidated damages and also to a reasonable attorney's fee.

It is conceded by counsel for defendant that the evidence showed without substantial dispute that from February 15, 1940 to April 2, 1943, plaintiff worked as night watchman from about 6 o'clock in the evening until about 6 o'clock the following morning, and that the dispute in this case is whether the plaintiff was hired to work such period of time. Plaintiff testified that he was employed by C. L. Withers to work 12 hours a day, 7 days a week at the rate of 55 cents per hour and overtime, which was denied by Withers who claimed he was hired to work 8 hours. Where testimony merely conflicts reviewing court will not substitute its judgment for that of the trial court. *Chamblin v. New York Life Ins. Co.*, 292 Ill. App. 532; *Shapleigh Hardware Co. v. Enterprise Foundry Co.*, 305 Ill. App. 180; *Floyd v. Estate of Smith*, 320 Ill. App. 171; *Winer v. Eckerling*, 323 Ill. App. 421, 55 N. E. (2d) 876.

The contract of hiring is not particularly material, for even where there is an agreement between employer and employee, that the latter work a number of stipulated hours, not to exceed that prescribed by the law, it will not avail the employer in an action to recover unpaid overtime compensation under the Fair Labor Standards Act, providing the evidence shows that the employee actually worked more than the number of hours agreed upon. *Johnson v. Dierks Lumber & Coal Co.*, 130 F. (2d) 115.

It is contended by defendant that by accepting checks (which did not include any overtime) extending over the period of his employment, that plaintiff thereby estopped himself from advancing his version of his employment contract. In the light of the decision of the Federal court in the *Johnson* case, which directly involved an interpretation of the Fair Labor Standards Act, this would also be immaterial. In addition thereto waiver and estoppel must be pleaded in the initial pleading. *Moore for use of St. Louis Joint Stock Land Bank v. National Fire Ins. Co. of Hartford,* 275 Ill. App. 1; *Feder v. Midland Casualty Co.,* 316 Ill. 552 and estoppel was not pleaded specially by defendant.

The matter of assessment of damages, in the absence of a jury, was for the court. Where case is tried before the court without a jury, it is the court's province to judge facts as presented by the evidence. *Blake for use of Richardson v. Union Insurance Exchange,* 317 Ill. App. 199. Unless this court could say that the trial court's findings are contrary to the manifest weight of the evidence we would not be justified in reversing his findings.

After a review of all the evidence in the case, it is our conclusion that the court properly rendered judgment against defendant company. The judgment of the trial court is hereby affirmed.

*Affirmed.*