Minnie W. Andrews, Appellant, v. Asa Matthewson and Charles W. Henninger, Appellees.

### Term No. 47M1.

Opinion filed September 29, 1947. Released for publication October 30, 1947.

RAY STROUD, of Altamont, and ROBERT G. BURNSIDE, of Vandalia, for appellant.

WILL P. WELKER, of Vandalia, for appellee.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment of the county court of Fayette county in favor of appellee, Charles W. Henninger (hereinafter called defendant), and as against appellant, now Minnie Andrews (hereinafter called plaintiff), for costs.

The action originated on August 7, 1934, when Frank L. Andrews obtained judgment by confession in the county court of Fayette county against Asa Matthewson and Charles W. Henninger as co-makers on a certain promissory note made payable to Frank L. Andrews. Andrews died intestate on July 30, 1938, and thereafter defendant, Charles W. Henninger, filed his motion to vacate the judgment, which motion was supported by his verified affidavit. Minnie W. Andrews, administratrix of the estate of Frank L. Andrews, filed a countermotion alleging that defendant's

affidavit was insufficient and praying that the affidavit be stricken and that the motion to vacate be denied. The crossmotion of the administratrix was denied and the judgment was vacated and defendants in the cause were granted leave to file answer to the original complaint. A previous appeal from such ruling by the administratrix was dismissed by the Appellate Court on the ground that the order appealed from was not a final order and, hence, not appealable (*Andrews v. Matthewson,* 306 Ill. App. 282). Thereafter, defendant Henninger filed his separate answer. The original judgment in the cause was assigned by the administratrix to one P. A. Tow and was by such person reassigned to Minnie Andrews, individually, who was thereafter substituted as party plaintiff. (After the decision of the Appellate Court, the defendant Henninger was adjudged a bankrupt and leave was granted to Minnie Andrews to prosecute her suit in the county court of Fayette county.) The cause was tried before the court, without a jury, in September 1946, and judgment was entered for the defendant as against plaintiff for costs, from which judgment this appeal is taken.

The verified affidavit of defendant Henninger, in support of the motion to vacate the judgment and for leave to answer the original complaint, set up the fact that the note sued upon was without consideration and that it was given to the payee by way of guaranty that defendant Henninger would pay certain notes then owed by the payee, Andrews, to a certain bank, and the affidavit further set forth that the notes, the payment of which was guaranteed, had in fact been paid by defendant Henninger, and the note sued upon was discharged thereby. The answer of defendant Henninger, likewise, alleged that the note was void for want of consideration and that the obligation secured by the notes to the bank was fully paid by defendant. It also set up that the money borrowed by

Andrews from the bank was used for the purpose of securing the resignation of certain officers of an insurance company and that such transaction was contrary to public policy and was void and that the notes were, therefore, void. On the trial of the cause the witness, Asa Matthewson, testified to the execution of the notes and that he did not recall the circumstances under which the notes were paid.

Defendant Henninger was permitted to testify to transactions and conversations had with the deceased, Frank L. Andrews, over objection of plaintiff that he was an incompetent witness. His testimony in substance was to the effect that the notes would not have to be paid and were only a guaranty that Henninger would pay the $1,000 indebtedness then owed by Matthewson and Andrews to the First National Bank of Altamont. Henninger also testified that the indebtedness to the bank was paid, and that Andrews returned one note to Henninger and did not return the other because he said it had been lost or misplaced. The defendant, Asa Matthewson, called as a witness for plaintiff, testified that the note given to Andrews had no connection with the indebtedness of Andrews and Matthewson to the First National Bank. The court, after hearing the evidence as indicated in this opinion, entered judgment in favor of defendant Henninger, as against plaintiff for costs.

The contentions of the plaintiff (who is actually Minnie Andrews) upon which she bases her appeal are two in number: (1) It is first contended that it was improper to open up the judgment upon the affidavit of defendant Henninger, on the theory that he could not testify competently as to matters set forth in the affidavit; (2) It is also asserted that defendant Henninger failed to discharge the burden of proving his defense in view of the fact that his testimony was opposed to that of the defendant, Asa Matthewson.

In this cause, Minnie Andrews, by assignment of the cause of action and of substitution of the parties, became the plaintiff in the suit individually, and prosecuted it as an individual and not in any excepted capacities (Ill. Rev. Stat. 1945, ch. 51, par. 2 [Jones Ill. Stats. Ann. 107.068]). The statute cannot be extended beyond its written terms (*De Costa v. Bischer*, 287 Ill. 598; *Goelz v. Goelz*, 157 Ill. 33). The courts of this State have concluded that where an assignee of a promissory note sues the maker, the maker is a competent witness even if the original payee of the note is dead at the time of the trial on issues of fraud or circumvention. No objection is shown to the sufficiency of the affidavit in the record and under the facts before the court in the trial of this cause, the action of the court in setting aside the judgment and permitting defendant to plead was proper.

Similarly, we must conclude that the judgment of the court below was supported by competent evidence on the issue of payment and discharge. The testimony of defendant Henninger is referred to in the statement of facts and showed facts and circumstances which constituted a defense as a matter of law. Where litigants waive a jury and the cause is tried by a court sitting as a jury, the conclusion of the court will not be reversed unless it is manifestly contrary to the weight of the evidence (*Pinkley v. Allied Oil Corp.*, 325 Ill. App. 326; *Valdoff v. Illinois Bankers Life Assurance Co.*, 320 Ill. App. 387).

In connection with the contention of the appellant that the circumstance that Matthewson contradicted Henninger on his testimony and that defendant Henninger had, therefore, failed to prove his affirmative defense by a preponderance of the evidence, it is only necessary to state that the court below sat as a jury on the law and the facts and was the sole judge of the credibility of the witnesses and the weight to

be given their testimony. The evidence was conflicting and a reversal of the decision of the court below would not be justified on the circumstance alone that two witnesses testified to contradictory stories. The credibility of the witnesses was for determination by the court below and the conclusion of the trial court upon the conflicting testimony will not be reversed solely on that basis (*Rothenberg v. Rothenberg*, 378 Ill. 242; *Pippert v. Schiele*, 315 Ill. App. 563 and *Pinkley v. Allied Oil Corp., supra*).

The judgment of the county court of Fayette county will, therefore, be affirmed.

*Judgment affirmed.*

BARTLEY and SMITH, JJ., concur.