**Rose E. Flatow, Plaintiff-Appellee, v. Amalgamated Trust and Savings Bank, Defendant-Appellant.**

Gen. No. 52,528.

First District.

June 13, 1968.

Peter R. Monahan, Levy and Erens, of Chicago, for appellant.

William W. Hartman, of Chicago, for appellee.

CULBERTSON, J.

Defendant, Amalgamated Trust and Savings Bank, here appeals from a judgment for $2,917.73 entered by the circuit court of Cook County in favor of Rose E. Flatow, plaintiff, in the latter's suit to recover funds deposited in her name in a savings account at the defendant bank.

The complaint filed in the cause alleged, in substance, that plaintiff had at various times deposited funds in a savings account at the bank; that the account, with accrued interest, totalled $2,676.56; and that despite her demands, the bank refused to return the funds or any portion thereof to her. An answer for defendant admitted the foregoing, but denied that plaintiff was entitled to the return of any funds for the following reasons: (a) That plaintiff had executed a guarantee of a loan made by defendant A. A. Flatow & Co. (a sole proprietorship operated by plaintiff's husband, Alfred A. Flatow), in the amount of $2,600; (b) that at the time

of the guarantee the passbook for plaintiff's savings account was submitted to defendant as additional security for the loan to A. A. Flatow & Co.; (c) that upon the death of Alfred A. Flatow, defendant, in accordance with the terms of the note and the guarantee of plaintiff, charged plaintiff's savings account for $2,637.55 in payment of the note; and (d) that plaintiff was in default on another note executed to defendant on May 9, 1966. Incorporated in the answer was a counterclaim of defendant to collect the note of May 9, 1966, in the amount of $372. In reply to the answer, plaintiff denied each of its allegations; additionally, she filed an answer denying the allegations of the counterclaim.

At the bench trial which followed, the passbook for the savings account, made out solely in plaintiff's name, was produced by defendant and was introduced into evidence by the plaintiff. Thereafter, plaintiff took the witness stand and gave testimony which established a prima facie case. In addition, she expressly denied that she had ever guaranteed a loan or delivered the passbook as security therefor, and stated that she had no knowledge of any loans made by defendant to her husband prior to the latter's death. The defendant introduced no evidence, oral or written, and thus failed in its burden of proving the matters of avoidance raised in its answer (see: 31A CJS, Evidence, § 104, p 178; Bell v. School District No. 84, 407 Ill 406, 416, 95 NE2d 496), but contented itself with cross-examining the plaintiff. On this appeal defendant makes two arguments: First, that "Exclusion of evidence of husband's representations to defendant is reversible error," and, second, that the defendant is not liable under the term of its contract with its depositors.

We find nothing in the record to support the claim that the trial court improperly "excluded" evidence of the husband's representations to defendant. Indeed,

there is neither pleading nor proof that representations were made or that defendant was influenced or misled by them. What does appear is that the trial court, while putting no bounds on inquiry into the transaction at issue, limited cross-examination of the plaintiff which defendant asserts was intended to inquire into the extent of the husband's control over the plaintiff's earnings and other property. From this, and from the authorities cited, we gather that defendant seeks to pursue a theory that plaintiff permitted her husband to deal with her property as if it was his own and that she is therefore estopped from claiming it as against a creditor of her husband. (E. g., Moline State Sav. Bank v. Liggett, 106 Ill App 223; Sohio Corp. v. Gudder, 375 Ill 622, 626, 32 NE2d 148.) Estoppel, however, is a defense which is waived if not pleaded (Collins v. Collins, 14 Ill2d 178, 151 NE2d 813; Pinkley v. Allied Oil Corp. of Illinois, 325 Ill App 326, 60 NE2d 106), and it was not pleaded in this case. Consequently, we conclude that the trial court committed no error in refusing to allow cross-examination now represented as being designed to establish such a defense.

The passbook for the savings account, which was opened in 1947, stated in large print: "If You Lose Or Mislay This Book, Give Immediate Notice To The Bank In Writing," and also had a printed provision titled "Payments to Holders of Passbooks" which provided: "The Bank shall not be liable for payments made to any person who shall produce the deposit book of the depositor, unless notice shall have, previous to such payment, been given to the Bank by or in behalf of the depositor that said bank book has been lost, mislaid, stolen or otherwise passed from the possession of the true owner thereof." Other evidence in the record discloses that there had been periodic deposits and withdrawals until December, 1954, and that the account was thereafter inactive until June, 1966, when the defendant charged it

with the amount of the A. A. Flatow & Company note. Plaintiff testified that she had not touched the account because it was her emergency fund for illness; that she customarily kept the passbook in a locked box she concealed in her closet; that the key to the box was in her dresser; and that she first became aware that the passbook was missing after her husband's death on June 5, 1966. Based upon these circumstances, defendant argues that plaintiff was negligent in failing to give notification that the passbook was missing, that her negligence permitted the bank to reasonably rely upon her husband's representations that he had the right to pledge the account, and that, under the terms of the contract as stated in the passbook, the bank had the authority to make payment to anyone having possession of the book.

■■ It has long been held that a defense not interposed in an answer and not presented to the trial court cannot be urged on appeal (Bittner v. Field, 354 Ill 215, 220, 188 NE 342; Waller v. Hildebrecht, 295 Ill 116, 121–122, 128 NE 807), and it is likewise axiomatic that the theory upon which a case is tried cannot be changed upon review. (Consoer, Townsend & Associates v. Addis, 37 Ill App2d 105, 109, 185 NE2d 97; Blanchard v. Lewis, 414 Ill 515, 521, 112 NE2d 167.) Based upon these principles, it is evident from the record that defendant is in no position to urge its negligence-contract theory in this court. Its answer does not charge plaintiff with negligence or a violation of the contract, and neither does it plead an avoidance of liability on the basis of defendant's purported contract rights. Rather, the tenor of the answer is that plaintiff voluntarily pledged the passbook as additional security for the loan made to her husband's company, and that her savings account was charged with the loan in accordance with the guarantee of the plaintiff. We are constrained to remark also that defendant offered no proof which would sustain its new theory.

As its own authority shows, a bank itself must exercise reasonable care and not be negligent when it makes payment to a person presenting a passbook (E. g., Felman v. Schiff, 186 Ill App 67), and no attempt was made to prove such matters in this case.

The judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

ALLOY, P. J. and STOUDER, J., concur.