DESIDERIO GALVAN, Plaintiff-Appellant, *v.* JOHN CARETTI COMPANY, Defendant-Appellee.

(No. 55679;

First District—July 26, 1972.

Piacenti, Cifelli & Pigato, of Chicago Heights, (Nicholas Liontakis, of counsel,) for appellant.

VanDuzer, Gershon, Jordan & Petersen, of Chicago, (John B. Van-Duzer and Horace W. Jordan, of counsel,) for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Plaintiff, Desiderio Galvan, appeals from the trial court's order granting Inland Construction, Inc. (hereinafter Inland) a credit, in the amount of $41,264, on any award which may be entered by the Illinois Industrial Commission against Inland and in favor of plaintiff, as a result of plaintiff's accidental injury incurred on April 19, 1963. On appeal the plaintiff contends that:

(1) The trial judge had no jurisdiction to enter an order adjudicating the rights of the litigants more than 30 days after final judgment had been rendered.

(2) Inland's concurring negligence precluded its right to reimbursement.

The facts are as follows:

Plaintiff, an employee of Inland, filed a complaint against John Caretti Company (hereinafter Caretti) which was a contractor in and about the premises here involved. On April 19, 1963, Caretti, through its agent, Richard Cuchetto, was operating a motor scooter. Plaintiff claimed that a large piece of lumber was dislodged by the motor scooter and struck him, causing serious head injuries.

On September 18, 1967, the court entered an order, pursuant to In-

land's petition to intervene, that no judgment or compromise settlement shall be made by or on behalf of Caretti without allowance for the protection of the rights and interests of Inland.

On April 7, 1970, the jury returned a verdict for $65,000 against Caretti. On May 7, 1970, Caretti filed a motion for a new trial. On May 22, 1970, the trial court denied Caretti's motion for a new trial.

On July 10, 1970, Inland filed a petition where it alleged that plaintiff filed a claim with the Industrial Commission in 1966, and that the plaintiff had delayed the case until July 28, 1970. On April 7, 1970, a verdict was returned by the jury and had become final. Plaintiff repudiated the agreement whereby he was to dismiss the compensation proceeding in return for Inland waiving its claim for reimbursement for medical and hospital services pursuant to the Workmen's Compensation Act. Inland prayed that sums received by plaintiff should be deposited with the court clerk pending final determination of the Application for Adjustment of Claim before the Industrial Commission.

On July 10, 1970, an order was entered granting leave to Inland to file the above petition and set it for hearing. Plaintiff was enjoined from disposing of any part of the judgment except for an allowance of $200.00 per week. Plaintiff answered the petition.

On October 30, 1970, the trial court granted Inland an award or credit in the nature of a set-off or prepayment on any award which may be entered by the Industrial Commission in the sum of $41,264.

The plaintiff's first contention was that the trial judge had no jurisdiction to enter an order adjudicating the rights of the litigants more than 30 days after final judgment had been rendered.

Inland filed its petition to intervene on September 18, 1967. The court granted Inland leave to file the petition and ordered that no judgment and no payment in connection with any such judgment shall be made by or on behalf of the defendant, Caretti, without allowances for the protection of the rights and interests of Inland as set forth in the petition to intervene.

Section 5(b) of the Workmen's Compensation Act provides in pertinent part that if an action is brought against a third party by the injured employee and judgment is obtained and paid, then from the amount received by such employee there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee. Section 5(b) further provides that no release or settlement of claim for damages by reason of such injury, and no satisfaction of judgment in such proceedings shall be valid without the written consent of both employer and employee except in the case of the employers, such consent

is not required where the employer has been fully indemnified or protected by court order. Ill. Rev. Stat. 1963, ch. 48, par. 138.5(b).

■■ Section 5(b) specifically states that no satisfaction of judgment in an action by an employee against a third party shall be valid without the written consent of both the employer and employee, except that such consent is not required where the employer has been fully protected by court order. Inland had not given written consent to the satisfaction of judgment. The court had jurisdiction to enter the order of October 30, 1970, which protected Inland's right to reimbursement because no satisfaction of the April 7, 1970, judgment would be valid until this order was entered as required by Section 5(b) of the Workmen's Compensation Act.

■■ Section 5(b) of the Workmen's Compensation Act gives the employer, Inland, the right to reimbursement. Inland properly intervened in the action brought by the plaintiff against the third party tortfeasor, Caretti. Inland followed the correct statutory procedure to insure its right to reimbursement. The trial court had jurisdiction to enter its order of October 30, 1970, which protected Inland's right to reimbursement out of the judgment entered by the above court on April 7, 1970. The trial court correctly entered an order protecting Inland's right to reimbursement as provided for in Section 5(b) of the Workmen's Compensation Act.

■■ The plaintiff's second contention was that Inland's concurring negligence precluded its right to reimbursement.

The Illinois Appellate Court in *Reeves v. Tepen*, 131 Ill.App.2d 1004, 268 N.E.2d 912, held at page 914 that:

"The legislature has determined that the issue of negligence is not relevant to reimbursement to the employer under the provisions of section 5(b) of the Workmen's Compensation Act."

In the above case, the Appellate Court upheld the trial court's determination that the employer was entitled to recover from the proceeds of the third-party suit regardless of whether or not the negligence of the employer was a proximate cause of the injury to the employee.

For the reasons above, the order of the Circuit Court of Cook County is hereby affirmed.

Order affirmed.

DIERINGER, P. J., and BURMAN, J., concur.