MARION JOHNSON, Plaintiff-Appellee, *v.* DONALD JOHNSON, Defendant-Appellant.

(No. 73-433; 

Second District (2nd Division)—March 6, 1975.

Victor & Gaziano, both of Rockford, for appellant.

Collis M. Hennelly, of Rockford, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

The plaintiff, Marion Johnson, filed a petition seeking past-due child support from her former spouse. After a hearing the Circuit Court of Winnebago County entered judgment for $5,789 against the defendant, Donald Johnson. The defendant appeals, contending that the court should have given effect to an agreement to waive child-support payments and that the doctrine of estoppel should have been applied. Plaintiff has not cross-appealed.

The divorce in this cause was granted April 11, 1952. The decree provided for payment of $30 per week for child support of two little girls, one aged 2 years and the other, 10 months. Thereafter, on November 13, 1958, the decree was amended reducing the payments to $20 a week. On June 4, 1960, plaintiff advised the defendant by mail[1] in a brief note[2]

---

[1] She moved to California in 1958 and has been residing there ever since.

[2]                 "June 4, 1960

    Don,

        Regarding your phone call this morning, you can discontinue payments until further notice.

        Hope Ann is feeling well and everything will straighten out soon.

                           Marion"

confirming his telephone request that due to illness of his wife he could discontinue payments until further notice. Defendant then ceased to make regular payments but did pay a total of $2931 after June 4, 1960.

On May 21, 1971 plaintiff filed her petition for past-due child support. At the hearing plaintiff testified that she made numerous requests that defendant resume regular payments. Defendant denied that any such requests were ever made. The trial court found defendant to be delinquent in the amount of $5789 and entered judgment.

Defendant first contends that acquiescence by the plaintiff by accepting payments less than the amount due, for a period of 11 years, without any attempt to enforce liability, amounts to a tacit or implied agreement to modify the decree.

■■ Past-due installments of child support are a vested right and usually are not subject to modification by the court as to amount. ( *Lewis v. Lewis,* 120 Ill.App.2d 263; *Wilson v. Wilson,* 122 Ill.App.2d 142, 148; *Shuff v. Fulte,* 344 Ill.App. 157; Annot., 6 A.L.R.2d 1277, 1287 § 5 (1949).) However, in a proper case the court can give effect to an agreement by a party to waive the payments or accept a lesser amount. See, *e.g., Cavenaugh v. Cavenaugh,* 106 Ill.App. 209; *Wolfe v. Wolfe,* 303 Ill.App. 188; *Anderson v. Anderson,* 48 Ill.App.2d 140; 24 Am.Jur.2d *Divorce and Separation* § 871 (1966); Annot., 57 A.L.R.2d 1139, 1143 (1958); 27B C.J.S. *Divorce* § 321(5)b (1959).

In determining the validity and effect, as between divorced spouses, of an agreement by which the former wife releases the former husband from his obligations under the provisions of the divorce decree to pay child support to her, the first question to be considered is whether the agreement meets the tests of validity applicable to all releases. In particular, the agreement must be supported by a valid consideration. 57 A.L.R.2d 1141.

■■ In the instant case it is not and could not be contended that there was a valid consideration for the agreement. Certainly none was paid to the plaintiff.

Defendant argues next that plaintiff is estopped from asserting her claim.

The doctrine of equitable estoppel can be applied as to all or part of the past installments in an appropriate case. ( *Anderson v. Anderson, supra; Needler v. Needler,* 131 Ill.App.2d 11.) The request, though often made, is seldom granted.

●■ Estoppel is an affirmative defense which must be specially pleaded (Ill. Rev. Stat., ch. 110, par. 43(4)) and is considered to be waived when not alleged. *Rodenkirk v. State Farm Mutual Auto Insur-*

*ance Co.,* 325 Ill.App. 421; *Chicago Budget Rent-A-Car v. Maj,* 5 Ill. App.3d 265; 18 I.L.P. *Estoppel* § 36 (1956).

" 'Equitable estoppel may be defined as the effect of the voluntary conduct of a party whereby he [or she] is absolutely precluded from asserting rights which might otherwise have existed as against another person who has, in good faith, *relied upon such conduct and has been led thereby to change his position for the worse* and who on his part acquires some corresponding rights.' " (Emphasis added.) *Slavis v. Slavis,* 12 Ill.App.3d 467, 473; *Atwater v. Atwater,* 18 Ill.App.3d 202.

■■ Here, defendant, in addition to having failed to plead estoppel, has failed to establish the detrimental reliance suffered as the result of plaintiff's conduct. Defendant, in fact, changed his position in that he made none of the regular payments required by the court order. *His change of position was not one for the worse and, to the contrary, could be considered to have inured to his benefit for a period of eleven years.* (*Atwater v. Atwater,* 18 Ill.App.3d 202, 210.) We conclude that the defense of equitable estoppel is inappropriate here.

The judgment of the Circuit Court of Winnebago County is affirmed.

Affirmed.

RECHENMACHER, P. J., and T. MORAN, J., concur.