HARTFORD ACCIDENT & INDEMNITY COMPANY, Plaintiff-Appellee, *v.* D. F. BAST, INC., *et al.*, Defendants-Appellants.

First District (5th Division)   No. 76-1725

Opinion filed November 23, 1977.—Supplemental opinion filed on denial of rehearing February 10, 1978.

Sweeney and Riman, Ltd., of Chicago (Gerald O. Sweeney, of counsel), for appellants.

O'Brien, Hanrahan, Wojcik & Conniff, of Chicago (E. Garnet Fay, of counsel), for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Defendants appeal from an order granting summary judgment and awarding $26,350 to plaintiff in an action brought by it to enforce a lien created by section 5(b) of the Workmen's Compensation Act (the Act). Ill. Rev. Stat. 1973, ch. 48, par. 138.5(b).

The following issues are raised on appeal: (1) whether defendant waived or is estopped from asserting a lien by its conduct; (2) whether the amount of the judgment is excessive; and (3) whether the pendency of another action is inconsistent with the entry of summary judgment.

In July 1971, Lonnie Wilbon was struck by a truck owned by D. F. Bast, Inc. (Bast). He received injuries which resulted shortly thereafter in his death. Surviving him were two common-law wives, Blonzie Mae Traylor and Stella Wilson, and eight children—with Traylor being the mother of six and Wilson of two. At the time of his death, the two children of Wilson were minors, as were three of the Traylor children. Their mothers, as guardians, filed Workmen's Compensation claims with the Industrial Commission on behalf of the five minor children against Wilbon's employer. In December 1971, Hartford Accident & Indemnity Company (Hartford), insurer of Wilbon's employer, by letter notified Home Indemnity Company (Home), the liability carrier for Bast, of the Workmen's Compensation claims and of its "subrogation interest" under section 5(b) of the Act to recover the amount of any compensation benefits it might be required to pay from any monies paid by Bast. In its February 13, 1972, letter of reply, Home acknowledged receipt of Hartford's "lien."

In September 1972, Home obtained liability releases from the six children of Traylor, including her three minor children whose settlements were approved by a probate court in Arkansas, where they resided, for the total payment of $16,500. The releases relinquished each of their claims against Bast because of the wrongful death of their father. Home then sent Hartford copies of the releases with a letter suggesting that Hartford use the $16,500 as a setoff against any award of the Industrial Commission. No settlements were made on behalf of the two minor children of Wilson.

In January 1973, an arbitrator of the Industrial Commission awarded $26,350, of which $25,200 went to the five minor children for whom claims for benefits under the Act had been filed—with each child receiving $5,040. The balance of $1,150 was for funeral expense and a required payment to the State Treasurer. The award was sustained on review in February 1974.

In November 1974, 26 months after Home notified Hartford of its settlement with the six children of Traylor and 40 months after Wilbon's death, Hartford filed a complaint alleging that defendants had breached its Workmen's Compensation lien by entering into the settlement without the consent of Wilbon's employer or his personal representative—as required by section 5(b) of the Act. Summary judgment was entered in favor of plaintiff for $26,350 for breach of its lien, and this appeal is from that judgment.

OPINION

Defendants have admitted during oral argument that Hartford possessed a valid lien under section 5(b). They contend, however, that Hartford waived the lien and is estopped from asserting it, because of its failure to pursue any of the remedies provided for in section 5(b).

■■ The defense of waiver applies when a party intentionally relinquishes a known right or his conduct warrants an inference of such relinquishment. *Pantle v. Industrial Com.* (1975), 61 Ill. 2d 365, 335 N.E.2d 491; *Slavis v. Slavis* (1973), 12 Ill. App. 3d 467, 299 N.E.2d 413.

■■ Similarly, equitable estoppel applies to preclude a party from asserting a right which might otherwise have existed as against another person when the other person relies in good faith on the party's conduct and is led thereby to change his position for the worst. *Johnson v. Johnson* (1975), 26 Ill. App. 3d 64, 324 N.E.2d 450; *Atwater v. Atwater* (1974), 18 Ill. App. 3d 202, 309 N.E.2d 632.

■■■ But to be available as a defense, both waiver and estoppel must be specifically pleaded in the initial pleadings. (See *Johnson; Pinkley v. Allied Oil Corp.* (1945), 325 Ill. App. 326, 60 N.E.2d 106.) Furthermore, since estoppel is an affirmative defense which seeks to avoid the legal effect or defeat the cause of action set forth in the complaint, it must be set forth in the answer or reply (Ill. Rev. Stat. 1973, ch. 110, par. 43(4)) to be available as a ground for appeal (*Johnson; Rodenkirk v. State Farm Mutual Automobile Insurance Co.* (1945), 325 Ill. App. 421, 60 N.E.2d 269). Here, defendants did not allege waiver or estoppel in their answer to plaintiff's complaint, nor does it appear from the record that it was alleged at any other time, and therefore this contention is barred from being raised on appeal. (See *Johnson; Government Employees Insurance*

*Co. v. Dennis* (1965), 65 Ill. App. 2d 365, 212 N.E.2d 759.) However, even if waiver or estoppel had been raised, the record discloses that neither was established.

Defendants' contention in that regard is based on two alleged failures on the part of plaintiff to protect its lien. First, it is asserted that plaintiff should have filed a wrongful death action. They point out that under section 5(b) of the Act, the releases they obtained and the settlements were not valid without the consent of decedent's employer or personal representative. Because no such consent was obtained, they argue that the settlements did not impair the right of the employer, under section 5(b), to bring a wrongful death action against a third party tortfeasor in the name of the personal representative if the latter did not do so within 21 months after decedent's death. We note, however, that section 5(b), in providing this right to sue, states as follows: "[P]rior to three months before such action would be barred the employer *may* in his own name or in the name of the employee, or his personal representative, commence a proceeding against such other person for the recovery of damages on account of such injury or death to the employee, * * *." (Emphasis added.) Ill. Rev. Stat. 1975, ch. 48, par. 138.5.

By the use of the italicized word "may," we believe the legislature has made it clear that an employer is not required to institute an action in order to protect the lien granted by section 5(b). Defendants have pointed to no other provision in the Act so requiring, and we have found none. Neither have they referred us to any case authority holding that the failure to do so amounted to a waiver or estoppel of the statutory lien, and we conclude that it does not.

The second failure argued by defendants is that plaintiff could have but did not use the settlements in the Industrial Commission proceedings as a setoff against the awards of those children whose claims have been settled. They cite *Galvan v. John Caretti* (1972), 6 Ill. App. 3d 894, 287 N.E.2d 90, as sole authority for their contention that plaintiff could have used the settlements as a setoff before the Industrial Commission. We find, however, that Galvan does not so hold. In *Galvan*, the court permitted the employer to intervene in the employee's common law action against a third party tortfeasor and entered an order that no judgment or compromise settlement shall be made without protecting the employer's line. After the jury returned the verdict for $65,000, the employee repudiated an agreement with his employer to dismiss the Workmen's Compensation claims before the Industrial Commission in return for the employer waiving its claim for reimbursement from the judgment. The employer then petitioned the court to enforce the original protective order, and the court held it had jurisdiction to and did grant a

credit in the sum of $41,264[1] "in the nature of a set-off for prepayment on any award which may be entered by the Industrial Commission." (6 Ill. App. 3d 894, 896, 287 N.E.2d 90, 91.) The court ordered that the amount be deposited with the county clerk until final determination of the Industrial Commission proceedings, with a weekly allowance being provided for the employee. There was no holding that the amount of the settlements could or could not be used as a setoff against the claims before the Commission, and it appears clear to us that the *Galvan* court, by its order, was protecting the employer's right of reimbursement, as provided in section 5(b) of the Act, by requiring the deposit of the funds to assure their availability to reimburse the employer when and if the Commission made an award.

■■ Here, no action was brought against the third party tortfeasor and, consequently, no order was entered—such as in *Galvan*—to protect plaintiff's lien. Moreover, defendants have referred us to no provision in the Act which requires or permits the Industrial Commission to consider the amount of a settlement by or a judgment against a third-party tortfeasor as an offset against any award the Commission might make. Thus, there is no merit in the contention of defendants that plaintiff waived or was estopped from asserting its statutory lien because of its failure to use the settlements as an offset in the Commission proceedings.

Plaintiff's statutory lien became effective when it gave notice to Home. (*Employers Mutual Casualty Co. v. Trimon Elevator Co.* (1966), 71 Ill. App. 2d 124, 217 N.E.2d 391.) Nevertheless, after acknowledging the lien, Home proceeded to obtain releases from six of the decedent's eight children by a total payment of $16,500, despite the express statutory provision in section 5(b) invalidating releases or settlements entered into without the written consent of the employer. Under such circumstances, we conclude that plaintiff's lien was breached when Home made the settlements with decedent's children, and that plaintiff properly sought to enforce that lien through the instant case.

In *Employers Mutual Casualty Co. v. Trimon Elevator Co.*, the court permitted an employer to proceed with an action for breach of its statutory lien because the lien was not protected in a settlement entered into by its employee with a third-party tortfeasor. The court stated:

> "[P]laintiff is not standing in the shoes of the employee in bringing this action against the third party tort-feasor, but rather, is bringing the action in its own name in order to enforce its rights against both the employee and third party tort-feasor who have failed to give proper regard to the employer's lien rights." 71 Ill. App. 2d 124, 133, 217 N.E.2d 391, 396.

---

[1] It is not disclosed how this figure was reached, but we assume it to be the balance received by the employee after deductions such as attorneys' fees, costs, etc.

The remaining question concerns the extent of defendants' liability to plaintiff. They contend that the lien would apply only to the $9,000 used to settle with three of the five minor children who qualified for Workmen's Compensation benefits.[2] Plaintiff maintains, however, that defendants were properly found liable for the entire award of $26,350.

We reject both arguments. We are of the opinion that two provisions of section 5(b) are pertinent—(1) in the first paragraph, where it is stated:

"[F]rom the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative * * *";

and (2) in the third paragraph, where it is provided that:

"[T]he employer may have or claim a lien upon any award, judgment or fund out of which such employee might be compensated from such third party." Ill. Rev. Stat. 1973, ch. 48, par. 138.5.

■■ We interpret the above quoted provisions to mean that an employer has a lien right against any monies paid by a third party tortfeasor as a result of the injury or death of the employee. In the instant case, the total amount paid to the children of decedent by reason of his death was $16,500, and it is this amount which we hold to be the fund subject to plaintiff's lien.

We find no basis in the Act nor have the parties submitted any authority in support of their respective arguments as to the extent of defendants' lien liability. In this regard, however, we note that there appears to have been an acknowledgment by Home of a lien liability of $16,500 when, in a letter to plaintiff, it wrote:

"This letter is to put you [Hartford] on notice so that when and if you do make a settlement under Workmen's Compensation you can take a credit of $16,500, which we [Home] have paid to the children * * *."

Defendants also contend that the entry of summary judgment was improper because there was an action pending for the wrongful death of decedent. It appears there is pending a wrongful death action brought on behalf of the two minor Wilson children of decedent on whose behalf no settlement was made by defendants.[3] Defendants argue that because this action remains pending that "summary judgment in the instant action would appear to be inappropriate and premature." We disagree.

---

[2] The remaining $7,500 was paid to settle with the three adult children who did not qualify for benefits under the Act.

[3] The suit was filed more than two years after the date of decedent's death, and we are informed by the parties that it is presently pending in the Illinois Supreme Court on the question as to whether the two year period of limitation applies to an action brought for the benefit of minor children.

■■ Defendants again give no supporting authority for this contention and, in view of our holding that defendants' lien liability was limited to the $16,500 it paid to the children of decedent, there is no impropriety in the entry of summary judgment merely because of the pendency of the action on behalf of the remaining two minor children. ·

For the reasons stated, the judgment in favor of the plaintiff is reduced from $26,350 and costs to $16,500 and costs and, as modified, is affirmed.

Affirmed as modified.

MEJDA and WILSON, JJ., concur.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

In their petition for rehearing, defendants express their belief that our opinion might be considered as authority that a double recovery may be obtained by an injured employee or his personal representative. It was defendants' position that their settlements with the children of the deceased employee here should have been used by plaintiffs as a setoff against any awards those children might receive from the Industrial Commission (the Commission).

Initially, it should be noted that the question as to whether the Commission should or could allow a setoff under such circumstances was not an issue in this appeal. In this regard, we were asked only to decide whether defendants waived or were estopped from asserting their section 5 lien, which defendants admit was valid, because they did not request the Commission to set off the amounts of the settlement against any awards to the children. Defendants referred us to no provision in the act requiring or permitting the Commission to consider such setoffs, and we concluded that plaintiff's failure to make a request of the Commission to do so was not a waiver or an estoppel of their right to enforce their lien.

In any event, we wish to make clear our belief that the act was intended to prevent a double recovery by an injured employee or his personal representative and that our opinion should not be considered as authority for the allowance of any such double recovery.

It is true that three of the children with whom defendant settled also received awards from the Commission. We consider this, however, to be an isolated situation, as we do not believe that such settlements, contrary to the express provision in section 5(b) requiring the consent of the employer, are often made. It seems to us that defendants here are not in a

position to complain because the apparent double recovery resulted from their acting contrary to the intent of the Act.

Defendants, in their petition for rehearing, have also renewed their argument that the fund subject to the lien should have been only $9,000 instead of the $16,500 we found to be the fund. In our opinion, we set forth the paragraphs of section 5(b) which control the question as to what fund was subject to an employer's lien. Defendants argue that those paragraphs intended the fund to include only the sums paid to the children who were entitled to receive Workmen's Compensation benefits. In the instant case, only three were so entitled, and the total settlement amount paid to them was $9,000, which defendants contend is the fund. However, we interpreted those paragraphs to mean that the fund included all monies paid by a third party tort-feasor because of the injury or death of the employee—which, in the instant case, was the total of $16,500 paid to the children of deceased by reason of his death.

Defendants have cited no authority in their briefs or in their petition for rehearing to support their position, and we adhere to our opinion that the language of section 5(b) supports our view as to the amount of the fund.

For the reasons stated, the petition for rehearing is denied.

Petition for rehearing denied.

MEJDA and WILSON, JJ., concur.