PATRICIA G. MARSHALL, Plaintiff-Appellee, *v.* MARK S. MARSHALL, Defendant-Appellant.

Fifth District   No. 81—576

Opinion filed September 10, 1982.

Edward W. Unsell, of East Alton, for appellant.

R. Michael Fischer, of Alton, for appellee.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

Mark S. Marshall appeals from the judgment of the Circuit Court of Madison County denying his petition to modify child support provisions entered in favor of appellee, Patricia G. Marshall.

On July 17, 1980, Patricia G. Marshall was granted a judgment of dissolution of marriage from defendant, Mark S. Marshall. The court ordered defendant to pay child support of $180 per month for two minor children. It further directed that the child support would automatically increase $20 per month per child beginning October 1, 1980, until it reached a maximum of $260 per month per child.

On February 19, 1981, the parties entered into a stipulation for modification of the judgment of dissolution. The stipulation differed from the court's judgment in that defendant's visitation rights were made more specific, child-support payments were to be deducted directly from defendant's wages and the automatic increase provision in child support was stricken. The stipulation was signed by both parties. It was entered in the court's minute record, was listed on the docket sheet of the court and was filed on the chancery record book. No written judgment or order of court adopting the stipulation of the parties was entered of record, nor did the court announce judgment in open court which was entered of record.

On September 3, 1981, defendant petitioned the court for modification of judgment. Plaintiff answered and petitioned for citation for contempt, alleging defendant had not paid the automatic increase in child support. The court denied defendant's motion to modify and found for plaintiff on her petition for back child support. Defendant then moved for an order *nunc pro tunc* requesting the court to recognize the stipulation as an order of the court and moved to set aside, vacate or reconsider the judgment for plaintiff for back child support. Both motions were denied by the court.

Defendant argues on appeal that the stipulation of the parties was a valid order binding on the court, that plaintiff waived any right to an automatic child-support increase in the stipulation and further that plaintiff should now be estopped from asserting a claim based on back child support due to defendant's reliance on the stipulation.

Plaintiff has made a motion to dismiss the appeal for defendant's failure to provide this court with a report of proceedings as required by Supreme Court Rule 323 (87 Ill. 2d R. 323). We do not dismiss defendant's appeal but instead affirm the court's judgment on the following basis.

The court found that the stipulation of the parties was not binding on the court because it was not presented to the court as a separate judgment pursuant to Supreme Court Rules 271 and 272 (87 Ill. 2d Rules 271, 272). Further, section 502(b) of the Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1981, ch. 40, par. 502(b)) provides that a separation agreement between the parties affecting child support is not binding on the court unless the court so holds considering the circumstances and evidence of the case. In the present case, the court did not sign the stipulation as a separate judgment nor has defendant shown that the court gave reasoned consideration to the stipulation. (*Page v. Page* (1975), 30 Ill. App. 3d 514, 334 N.E.2d 212.) Thus, the stipulation was a mere agreement affecting only the parties. As a result, defendant's agreement that plaintiff waived her right under court order to automatic increases in child support has no merit. Defendant's estoppel argument has been repeatedly rejected by the courts (*Johnson v. Johnson* (1975), 26 Ill. App. 3d 64, 324 N.E.2d 450; *Ellingwood v. Ellingwood* (1975), 25 Ill. App. 3d 587, 323 N.E.2d 571) and is rejected here.

The judgment of the Circuit Court of Madison County is affirmed.

Affirmed.

JONES and WELCH, JJ., concur.